# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2038 | DATE | 4/8/2004 |
| CASE TITLE | A-Tech International vs. Glenn G. Schiller | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. As indicated at the outset, the, GG Schiller's entire Answer is stricken, but leave is hereby granted to file a self-contained Amended Answer in this court's chambers on or before April 20, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 4-9-04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/8/2004 date mailed notice | |
| SN courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

A-TECH INTERNATIONAL, LTD. (USA), )
                                  )
                    Plaintiff,    )
                                  )
         v.                       )    No.  04 C 2038
                                  )
GLENN G. SCHILLER, individually,  )
et al.,                           )
                                  )
                    Defendants.   )

                         MEMORANDUM ORDER

     This memorandum order is issued sua sponte to address several flaws in the Answer just filed by G.G. Schiller & Associates, L.L.C. ("GG Schiller") to the Complaint brought against it and Glen Schiller by A-Tech International, Ltd. (USA) ("A-Tech"). As reflected here, those flaws are sufficiently numerous to require the filing of a self-contained Amended Answer, to obviate the need for this Court and A-Tech's counsel to deal with patchwork pleading in this action.

     To begin with, the Answer's caption is wrong. As this Court was careful to explain to counsel for GG Schiller when he earlier filed an erroneous motion for consolidation of this action with Case No. 04 C 1952 (at that time this case was pending on the calendar of this Court's colleague Honorable Jack Darrah), no consolidation of the two lawsuits could then be ordered, and none has been ordered since then. Consolidation of cases under Fed. R. Civ. P. ("Rule") 42(a) is a concept that is entirely separate and apart from the reassignment of a related case under this

District Court's LR 40.4.

Next, Answer ¶¶1 and 4 do not conform to the type of disclaimer that is required by the second sentence of Rule 8(b) as a condition to a responding party's getting the benefit of a deemed denial--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). In addition, each of those paragraphs and Answer ¶¶3, 5, 7 and 11 contain meaningless demands for "strict proof," all of which are stricken--again see App. ¶1 to State Farm.

Finally, this Court has already made it clear that the allegations in Complaint ¶2 and the response in Answer ¶2 do not address the relevant facts for purposes of determining diversity of citizenship, which served as the jurisdictional basis for removal of this action from the Circuit Court of Cook County. Accordingly, when GG Schiller's counsel returns to the drawing board, Answer ¶2 should contain the appropriate assertions (and not jurisdictional irrelevancies) in that respect.

As indicated at the outset, then, GG Schiller's entire Answer is stricken, but leave is hereby granted to file a self-contained Amended Answer in this Court's chambers on or before April 20, 2004 (with a copy of course to be transmitted contemporaneously to A-Tech's counsel). And because all of the deficiencies referred to here stem from counsel's errors, there is no reason that the client should have to pay for making the

required corrections. No charge is to therefore be made for the time and expense incurred by GG Schiller's counsel in preparing the Amended Answer. Counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 8, 2004